```
                  IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                        )
                              )        Chapter 11
CARROLL'S WINE COMPANY        )
                              )        Bankruptcy No. 05-00961
                              )
       Debtors.               )
```

**ORDER RE MOTION TO LIFT AUTOMATIC STAY**

This matter came before the undersigned on July 8, 2005 on Motion for Relief from Automatic Stay.  Attorney Bruce Erusha appeared for Debtor Carroll's Wine Company.  Attorney Brian Peters appeared for Movants Anthony Kemp and William Barrick.  After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**STATEMENT OF THE CASE**

Anthony Kemp and William Barrick are lessors under a commercial lease with Debtor as lessee.  Debtor filed an action against Mr. Kemp and Mr. Barrick in Iowa District Court in Dubuque County.  Judgment was entered in that action on March 11, 2005.  The Court concluded that Debtor had properly invoked the option to renew the lease beyond the expiration date of February 28, 2005.  Carroll's Wine Company v. Kemp et al, No. EQCV 94340, slip op. at 4 (Iowa Dist. Ct. Mar. 11, 2005).  The Court further concluded, however, that Debtor had breached the terms of the lease agreement, and, "[a]s a result of the breach, [Debtor] is not entitled to the option to renew the lease, and therefore must vacate the premises."  Id. at 5.  Debtor filed its Chapter 11 petition on March 14, 2005.  Also on March 14, 2005, both parties filed motions for reconsideration in the Dubuque County action.  That action is now stayed.

Mr. Kemp and Mr. Barrick request relief from the stay as to the Commercial Lease and the underlying real estate.  They argue the stay does not apply to this property because the lease terminated prior to the commencement of this case.  Debtor resists.  It argues that this business property is

essential to its ability to reorganize.  Debtor's brief indicates it wishes to cure the breach of the lease and continue with its business on the leased property. Alternatively, Debtor asks that if the Court lifts the stay, the relief should be limited to allowing the parties' motions for reconsideration and any subsequent appeal to be heard in state court.

## CONCLUSIONS OF LAW

The automatic stay bars the continuation of judicial proceedings against the debtor, enforcement of a judgment against the debtor or property of the debtor and any act to exercise control over property of the estate.  11 U.S.C. § 362(a).  Section § 362(d) requires the court to grant relief from the automatic stay of an act against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization.  In re Anderson, 913 F.2d 530, 532 (8th Cir. 1990).  The moving party has the burden to prove that the debtors have no equity in the property.  Id.  If that is proven, the burden shifts to Debtors to show that the property is necessary for an effective reorganization.  Id.

Alternatively, the court may grant relief from the automatic stay for cause, including allowing litigation involving the debtor to proceed in another forum under appropriate circumstances.  In re Wintroub, 283 B.R. 743, 745 (B.A.P. 8th Cir. 2002).  The court balances the potential prejudice to the debtor, the bankruptcy estate, and other creditors against the hardship to the movant if it is not allowed to proceed in the other forum.  Id.

It is well settled that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  The Rooker-Feldman doctrine holds that federal trial courts lack jurisdiction to engage in appellate review of state court determinations.  Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000).  "The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."  Id.

**CONCLUSIONS**

Movants have a final judgment in Iowa District Court, subject to the parties' motions for reconsideration and subsequent rights to file an appeal. This Court is barred from relitigating issues raised in that action. It is not appropriate for this Court to revisit issues which could have the effect of undermining the judgment of the Dubuque County Court.

At this point, Debtor has no equity in the leasehold premises because the Iowa District Court has ordered that Debtor must vacate the premises. The property, however, is obviously essential for Debtor's reorganization. Regardless, the Court believes cause exists to modify the automatic stay to allow the proceedings in Iowa District Court to come to a final conclusion. Movants herein have already spent considerable effort in bringing the Dubuque County action to its conclusion. Motions for reconsideration are pending in that action, after which the parties will have the opportunity to appeal. In these circumstances, the Court believes the hardship to movants in further delaying the Dubuque County action outweighs prejudice to Debtor or the bankruptcy estate.

**WHEREFORE**, the Motion to Lift Automatic Stay filed by Anthony Kemp and William Barrick is GRANTED.

**FURTHER**, Movants may proceed with matters in the Iowa District Court in Dubuque County, No. EQCV 94340.

DATED AND ENTERED: July 20, 2005.

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE